# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK L. CUNNINGHAM, | ) |
| | ) Civil Action No. 11-971 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Judge Arthur J. Schwab/ |
| WESTMORELAND COUNTY | ) Magistrate Judge Maureen P. Kelly |
| OFFICIALS and EMPLOYEES, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In Forma Pauperis (ECF No. [2]) be denied.

### II. REPORT

Derrick L. Cunningham, ("Plaintiff") is a prisoner who recently filed several lawsuits, which were dismissed prior to service for failure to state a claim upon which relief can be granted. As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

This Court takes judicial notice of the court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the United States Court of

Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Plaintiff's three strikes are as follows: (1) Cunningham v. Greensburg Police Dept., No. 11-cv-390 (W.D. Pa., ECF No. [8] (R&R recommending dismissal for failure to state a claim), and ECF No. [11] (Memorandum Order adopting R&R)); (2) Cunningham v. Westmoreland County Prison, No. 11-cv-392 (W.D. Pa., ECF No. [8] (R&R recommending dismissal for failure to state a claim), and ECF No. [11] (Memorandum Order adopting R&R)); and (3) Cunningham v. Westmoreland Regional Hospital, No. 11-cv-394 (W.D. Pa., ECF No. [8] (R&R recommending dismissal for failure to state a claim), and ECF No. [11] (Memorandum Order adopting R&R)). In fact, Plaintiff has four strikes, the fourth one being: Cunningham v. Jeannette District Memorial Hospital, No. 11-cv-395 (W.D. Pa., ECF No. [8] (R&R recommending dismissal for failure to state a claim), and ECF No. [11], (Memorandum Order adopting R&R)). Accordingly, because Plaintiff has at least three strikes, he may not proceed IFP. Nor has Plaintiff alleged

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

While in the Complaint, Plaintiff alleged an assault in the Westmoreland County Prison, which apparently occurred on or around October 10, 2008, ECF No. [1] at 2, ¶ IV.C., the claim Plaintiff apparently seeks to bring now is that on February 16, 2010, the Warden at the Westmoreland County Prison, "refused to meet with me, after I wrote him 2 [sic] discuss my assault at the hands of his employees . . . . [and that the Warden and other guards all] "refused to give me a grievance." Id. Plaintiff waited for more than sixteen (16) months to file his current lawsuit concerning the Warden's and others' actions or inactions, occurring in February 2010. The passage of a whole year fails to satisfy the imminence requirement under Section 1915(e), even if we assume the danger requirement were met. Abdul-Akbar v. McKelvie, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). For example, in Abdul-Akbar, a prisoner with three strikes, filed on February 10, 1998, a motion for leave to proceed IFP in a civil rights suit, which alleged that on January 9, 1998, prison officials arbitrarily sprayed the prisoner with pepper gas and thereafter refused to provide him with medical treatment even though the prison officials knew the prisoner suffered from asthma. The District Court denied the prisoner IFP status based on his having three strikes. The prisoner appealed, and the Court of Appeals, *en banc*, speaking through Judge Aldisert, held that notwithstanding the passage of less than one month, between the incident and the filing of the IFP application, the prisoner plaintiff did not demonstrate imminent danger of serious physical injury. The majority of the Court held such even though the dissent argued that the prisoner was

under an ongoing imminent danger of physical injury because he was still subject to the control of the same guards that had sprayed him with the pepper gas.

Here, Plaintiff's case is even weaker than the prisoner in Abdul-Akbar. Whereas a mere thirty-one (31) days passed between the pepper spray incident and the prisoner's filing of his IFP application in Abdul-Akbar, in contrast, Plaintiff waited for more than sixteen (16) months to file his complaint. If the danger to the prisoner in Abdul-Akbar had passed and was not imminent after a mere thirty-one (31) days had passed, *a fortiori*, the danger to Plaintiff, if any, in February 2010, herein had certainly passed by the time he filed this current action in July, 2011.

Moreover, Plaintiff's case is even weaker than the prisoner in Abdul-Akbar in yet another way as well. In Plaintiff's case, it appears that he is no longer in the control of the people whom he names as Defendants in this lawsuit, as it appears Plaintiff was transferred to the State Correctional Institution at Chester, Pennsylvania, and so, is no longer subject to the control of the Defendants named in this lawsuit. See, e.g., McGore v. Lutz, No. No. 09-13031, 2009 WL 2488101, at *2 (E.D. Mich., Aug. 11, 2009) ("The events giving rise to Plaintiff's complaint, *i.e.*, the alleged failure to change his cell following a fellow inmate's threats in 2007 and the alleged verbal harassment in 2008, do not pose an imminent danger of serious physical injury, particularly given that Plaintiff has been transferred to another prison. Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule."); Gamble v. Maynard, No. 9:06-CV-1543, 2008 WL 150364, at *5 (N.D.N.Y. Jan. 14, 2008) ("While plaintiff's complaint intimates that the matter was not an isolated incident [of assault by correctional officers], there is nothing in his complaint, particularly in view of the fact that he is no longer incarcerated at the facility at which the alleged assaults occurred, having since been transferred to the Southport Correctional Facility, to demonstrate that he is in imminent danger of serious physical injury.").

4

Because Plaintiff herein has failed to allege anything that would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this Recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the complaint for failure to prosecute.

### III. <u>CONCLUSION</u>

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Local Civil Rules, the parties are allowed to file objections by September 5, 2011. Failure to timely file objections will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>s/Maureen P. Kelly</u><br>
Maureen P. Kelly<br>
U.S. Magistrate Judge

Dated: August 18, 2011

cc: The Honorable Arthur J. Schwab
United States District Judge

DERRICK L. CUNNINGHAM
JU-3758
SCI Chester
500 East 4th Street
Chester, PA 19013

5